106 F.3d 401
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Saeed A. KHALIFA, Plaintiff-Appellant,
v.
Craven CROWELL, Chairman; and William H. Kennoy and Johnny
H. Hayes, in their capacity as the Directors of
the Tennessee Valley Authority,
Defendants-Appellees.
 No. 95-6485.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1996.
 
 Before: KENNEDY, BOGGS, and WOOD[1], Circuit Judges.
 PER CURIAM.
 
 
 1
 Saeed Khalifa appeals the judgment, following a bench trial, in favor of defendants in a Title VII action. Mr. Khalifa alleged that the Tennessee Valley Authority ("TVA"), a federal agency, engaged in intentional discrimination in its promotion practices. He argues on appeal that the facts do not support the district court's finding that TVA did not intentionally discriminate against him on the basis of national origin or reprisal. Additionally, he argues that the district court erred in admitting hearsay evidence. We affirm the district court. The court's findings are clearly supported by the evidence and the out-of-court statements are not hearsay because they were not offered for the truth of the matter asserted.
 
 
 2
 * This action stems from TVA's failure to promote Mr. Khalifa to a vacant managerial position. Mr. Khalifa, a naturalized United States citizen of Egyptian national origin, has been employed by TVA since November 22, 1976. Prior to applying for the position of "Manager, Selective Services," Mr. Khalifa worked for TVA as an electrical engineer. He continues to work in that position.
 
 
 3
 Mr. Burzese, the manager in charge of filling the vacant position of "Manager, Selective Services," chose Larry Akens instead of Mr. Khalifa. According to Mr. Burzese's testimony, as fully detailed by the district court in its memorandum opinion, Mr. Akens was a better candidate for the job. Mr. Burzese indicated at trial that, although he carefully considered Mr. Khalifa for the position, he felt that Mr. Khalifa lacked the necessary managerial experience and had a "personal style [that] tend[ed] toward the abrasive." Additionally, Mr. Burzese testified that some of Mr. Khalifa's coworkers had notified him that they did not wish to see Mr. Khalifa promoted to a supervisory position over them. Mr. Burzese testified that for these reasons, as well as his own experiences and observations of Mr. Khalifa, he believed that Mr. Khalifa's promotion would create problems within the department.
 
 
 4
 Mr. Khalifa also alleges discrimination in failing to be considered for the temporary assignment of "Manager, Analysis and ADCC Services." Mr. Burzese admitted that only David Ashley was considered for the position, but under TVA procedures, selection for this position did not require a formal selection process. Mr. Burzese testified that he only considered Mr. Ashley because he felt that Mr. Ashley needed more managerial experience and that the open managerial position gave him that opportunity and was only a lateral move. Moreover, he stated that he believed Mr. Ashley "had demonstrated an ability to work well with people that Mr. Khalifa lacked."
 
 II
 
 5
 Initially, we note that this case involves the district court's finding that Mr. Khalifa was not the victim of intentional discrimination, and thus, we review this finding only for clear error. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 6
 A prima facie case of discrimination under Title VII is established when a plaintiff shows that (1) he is a member of a protected class; (2) he met the minimum qualifications for the position to which he was not selected; (3) a position was available for which he was not selected; and (4) a member not of the protected class was selected for the position. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). Once the prima facie case is established, the burden shifts to the defendant "to articulate some legitimate non-discriminatory reason for the employee's rejection." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the defendant employer carries this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were merely pretextual. Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 279 (6th Cir.1991), cert. denied, 503 U.S. 945 (1992).
 
 
 7
 We agree with the district court that Mr. Khalifa made out a prima facie case of discrimination. We also agree, however, that the defendants met their burden of production by presenting a number of legitimate non-discriminatory reasons for their actions. Moreover, the district court did not err in finding that Mr. Khalifa had not met his burden of proving that any of the reasons given by defendants were pretextual or that the real reason for his nonselection was discrimination. Thus, Mr. Khalifa did not meet his ultimate burden of persuasion.
 
 
 8
 Likewise, the district court found that Mr. Khalifa had failed to prove that Mr. Burzese's decision to select Mr. Ashley for the temporary assignment of Manager, Analysis and ADCC Services, was the result of intentional discrimination. Again, we find no error. The evidence clearly supports the district court's findings, which are fully detailed in its memorandum opinion.
 
 III
 
 9
 Mr. Khalifa also alleges that he was not promoted to the managerial positions because he had previously filed a Title VII discrimination suit against TVA and had testified adversely to TVA during an EEO investigation. We uphold the district court's finding on this claim as well.
 
 
 10
 Title VII makes it unlawful to discriminate against an employee because he has opposed an unlawful employment practice. 42 U.S.C. § 2000e-3(a). In order to prove retaliation, a plaintiff must demonstrate that (1) he was engaged in activity protected under Title VII; (2) he was the subject of an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action existed. Johnson v. Department of Health & Human Servs., 30 F.3d 45, 47 (6th Cir.1994). The claim is treated like a disparate treatment case and has the same burden allocation framework set out in McDonnell Douglas. See Johnson, 30 F.3d at 47.
 
 
 11
 Mr. Khalifa argues first that the court did not address this issue. While Mr. Khalifa is correct that the court's opinion does not focus on reprisal, it does deal adequately with the issue. The court states that Mr. Khalifa claimed both national origin and reprisal discrimination. Additionally, the court found that Mr. Khalifa had made out his prima facie case on both claims. What Mr. Khalifa fails to understand is that the district court's opinion did not need to focus on reprisal once it concluded that Mr. Khalifa had met his initial burden, because the focus then shifted to whether the defendants had successfully articulated a legitimate non-discriminatory reason for failing to promote Mr. Khalifa and whether he had met his ultimate burden of proof.
 
 
 12
 Mr. Khalifa's other argument challenging the court's findings goes to the weight of the evidence. As discussed above, the district court's findings are clearly supported by the evidence.
 
 IV
 
 13
 Finally, Mr. Khalifa argues that the district court erred in admitting hearsay evidence when it allowed Mr. Burzese to testify regarding statements that had been made to him by employees in the Transmission Operations department indicting that they did not wish to be supervised by Mr. Khalifa. This argument is without merit. Mr. Khalifa fails to fully understand the definition of hearsay. While the out-of-court statements made to Mr. Burzese regarding Mr. Khalifa meet the first part of the definition of hearsay (an out-of-court statement),[2] they were not offered for their truth. Rather, they were offered to prove Mr. Burzese's motive for his personnel decisions. Thus, they do not fall within the definition of hearsay.
 
 V
 
 14
 The district court's judgment is therefore AFFIRMED.
 
 
 
 [1]
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [2]
 The Federal Rules of Evidence define hearsay as an out of court statement "offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c)